**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT GRIGGS,

      Plaintiff,

vs.                                                    CASE NO. 3:11-cv-988-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.[1]

_____

**ORDER AND OPINION**

      This case is before the Court on Plaintiff's complaint (Doc. 1), seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's claim for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI").  Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated January 17, 2012 (Doc. 17).  The Commissioner has filed a transcript of the underlying administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number).  For the reasons set out herein, the Commissioner's decision is **REVERSED** and the case is **REMANDED** for additional proceedings.

_____

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. Procedural History

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning October 29, 2006 (Tr. 139-47). Plaintiff's applications were denied initially and upon reconsideration (Tr. 59-78). Plaintiff requested an administrative hearing, which was held on January 27, 2011 (Tr. 28-52). The administrative law judge ("ALJ") issued a decision denying Plaintiff's applications on March 10, 2011 (Tr. 11-22). Plaintiff filed a request for review, which the Appeals Council denied on August 3, 2011 (Tr. 1-6). Plaintiff filed the instant action on October 4, 2011 (Doc. 1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected either to result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). First, if a claimant is engaging in substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limits his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c).

---

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition. As the regulations for SSI disability payments mirror those set forth for DIB on the matters presented in this case, from this point forward the Court may refer only to those sections in 20 C.F.R. pertaining to part 404 and disability insurance benefits.

Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent him from performing his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f).  Fifth, if a claimant's impairments (considering his residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.  20 C.F.R. § 404.1520(g).  A plaintiff bears the burden of persuasion through step four, but the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

In the instant case, the ALJ found that Plaintiff met the Social Security Act's insured status requirements through December 31, 2011 (Tr. 16).  At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 29, 2006, the alleged onset date.  *Id.*  At step two, the ALJ found Plaintiff suffered from the following severe impairments: "status post motor vehicle accident resulting in a head injury, causing a three month coma; leg injury with swelling in the right knee; blurred vision; shortness of breath; short term memory loss; headaches; stiffness in chest; and a hole in stomach muscle wall where a feeding tube was."  *Id.*  At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 17).  At step four, the ALJ found Plaintiff had the residual functional capacity to perform "no more than sedentary/unskilled work as defined in 20 CFR 404.1567(a) and 416.967(a)."  *Id.*  Considering this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work as a foreman and mobile home installer (Tr. 20). At step five, utilizing the testimony of a vocational expert ("VE"), the ALJ found that there

were other jobs existing in significant numbers in the national economy that Plaintiff could perform, including as an assembler (Tr. 21).  Therefore, the ALJ found that Plaintiff was not under a disability since October 29, 2006, the alleged onset date.  *Id.*

### III. Standard of Review

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established . . . and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence that is favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so.  Although the Court reviews the Commissioner's decision with deference to the factual

findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability and is responsible for furnishing or identifying medical and other evidence regarding the claimed impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is the plaintiff's burden to provide the relevant medical and other evidence establishing disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

### IV. Analysis

Plaintiff raises two related arguments on appeal. First, Plaintiff argues the ALJ failed to complete a Psychiatric Review Technique Form ("PRTF") or comply with the mode of analysis required by 20 C.F.R. § 404.1520a. Second, Plaintiff argues the ALJ posed a hypothetical question to the VE that failed to include all of Plaintiff's impairments.

To evaluate a claim of disability based on a mental impairment, the ALJ must follow a special procedure, often referred to as the Psychiatric Review Technique, that is set out

at 20 C.F.R. § 404.1520a.  *See Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005).

According to the regulation, the ALJ must first evaluate whether the claimant has a

medically determinable mental impairment.  If a medically determinable mental impairment

is found, the ALJ must then rate the degree of functional limitation resulting from the

impairments in accordance with paragraph (c) of that section and must record the findings

as set out in paragraph (e) of that section.  20 C.F.R. § 404.1520a(b)(2).  Paragraph (c)

identifies "four broad functional areas" to be considered, including: "[a]ctivities of daily living;

social functioning[3]; concentration, persistence or pace[4]; and episodes of decompensation."

20 C.F.R. § 404.1520a(c)(3).  For the first three functional areas, an impairment may be

rated as: none, mild, moderate, marked, and extreme.  For the fourth functional area,

episodes of decompensation, a four point scale is utilized: none, one or two, three, four or

more.  20 C.F.R. § 404.1520a(c)(4).  Impairments rated as "none" or "mild" in the first three

categories and "none" in the fourth category are generally considered not to be severe.  20

C.F.R. § 404.1520a(d)(1).

The four functional areas summarized by application of the Psychiatric Review

Technique are broad categories to assist the ALJ in determining at steps two and three

---

[3] The category of social functioning refers to the "capacity to interact independently, appropriately, effectively, and on a sustained basis with other individuals."  *Id.*  In a work setting, social functioning involves interactions with the public, supervisors and co-workers. *Id.*

[4] The category of concentration, persistence or pace refers to the "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00.  While limitations in this category may best be observed in work settings, limitations may also be assessed through clinical examination or psychological testing that evaluates short-term memory and/or the completion of tasks that must be finished within established time limits.  *Id.*

which of the claimant's mental impairments are severe, and then in determining the mental functional limitations on the claimant's ability to perform basic work activities. *See* 20 C.F.R. § 404.1520a(c); SSR 96-8p, 1996 WL 374184, at *4 (S.S.A. July 2, 1996). Determination of the functional limitations is a "highly individualized" and fact-specific determination. *Id.* Work-related mental activities include the ability and aptitude to understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting. 20 C.F.R. § 404.1521(b).

The ALJ is required to document application of the special technique provided in the regulations in his decision, and the failure to do so requires remand. *See* 20 C.F.R. § 404.1520a(e)(4) ("At the administrative law judge hearing . . . the written decision must incorporate the pertinent findings and conclusions based on the technique. . . . The decision must include a *specific finding* as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." (emphasis added)); *Moore,* 405 F.3d at 1214 ("Where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a Psychiatric Review Technique Form[5] and append it to the decision, or incorporate its mode of analysis into his findings and conclusions. Failure to do so requires remand." (citations omitted)).

In the instant case, Plaintiff claims to be disabled since October 29, 2006 due to an automobile accident that resulted in a head injury, coma, and leg injury, and consequently left him with residual seizure disorder, severe memory loss, and chronic pain in his right leg

_____

[5] The Psychiatric Review Technique Form ("PRTF") is a form which incorporates the requirements set forth in 20 C.F.R. § 404.1520a.

and knee (Tr. 178, 18). The ALJ found Plaintiff suffered from the severe impairments of "status post motor vehicle accident resulting in a head injury, causing a three month coma; leg injury with swelling in the right knee; blurred vision; shortness of breath; short term memory loss; headaches; stiffness in chest; and a hole in stomach muscle wall where a feeding tube was" (Tr. 16). Thus, Plaintiff raised a colorable claim of mental impairment that required the ALJ to complete a PRTF or incorporate its mode of analysis into his findings and conclusions. *Moore,* 405 F.3d at 1214.

The ALJ referenced the findings and conclusions of medical professionals in the record. Specifically, the ALJ stated:

> On June 8, 2009, the state agency consultant evaluated the claimant's mental health impairments under Listings 12.02 (organic mental disorders) and 12.09 (substance addiction disorders). The state agency psychologist opined that the claimant had no limitations in activities of daily living; no limitations in social functioning; moderate limitations in concentration, persistence, and pace; and no episodes of decompensation, each of extended duration. On September 14, 2009, the state agency consultant evaluated the claimant's mental health impairments under Listings 12.02 (organic mental disorders) and 12.09 (substance addiction disorders). The state agency consultant opined that the claimant had mild limitations in activities of daily living; mild limitations in social functioning; moderate limitations in concentration, persistence, and pace; and no episodes of decompensation, each of extended duration. The undersigned has considered these opinions and have found them reasonable based on the evidence available in the record at that time, and accordingly gives them some weight.

(Tr. 19-20). According to the Commissioner, this language reveals the ALJ accepted the opinions of the state agency psychologists who completed PRT forms and found Plaintiff had no more than mild limitations in activities of daily living and social functioning, and moderate limitations in concentration, persistence, and pace (Doc. 22 at 10). Thus, the Commissioner argues, the ALJ fully complied with the requirements to analyze Plaintiff's mental limitations using the PRTF technique. *Id.* The Court disagrees.

Under both the plain language of the regulation and *Moore*, the ALJ must either complete the PRTF or *explicitly analyze* the four factors provided by 20 C.F.R. § 404.1520a, and must include a *specific finding* as to the degree of limitation in each of the functional areas within his written decision. The ALJ's mere reference to PRTFs completed earlier in the administrative proceedings to which he assigns "some weight" is insufficient. *See Hartage v. Astrue*, No. 4:09-cv-48(CDL), 2010 WL 3488804, at *3 (M.D. Ga. July 14, 2010) (remanding where ALJ failed to complete a PRTF); *Cotton v. Comm'r of Soc. Sec.*, No. 3:09-cv-45-J-34MCR, 2010 WL 7464345, at *5-6 (M.D. Fla. Mar. 3, 2010) (remanding for failure to properly evaluate plaintiff's mental impairments when the ALJ merely restated the findings assessed by a state agency psychologist but did not specifically adopt those findings as his own); *Volley v. Astrue*, No. 1:07-cv-138-AJB, 2008 WL 822192, at *19 (N.D. Ga. Mar. 24, 2008) (holding an ALJ's "obscure reference" to PRTFs completed more than one year prior to administrative hearing is "plainly insufficient"). Accordingly, the Court finds the ALJ did not satisfy the requirements for the evaluation of mental impairments set forth in 20 C.F.R. §§ 404.1520a.

The ALJ's failure to follow the requirements set forth in 20 C.F.R. § 404.1520a is an omission which may be material to the outcome of the case. *See Selassie v. Barnhart*, 203 Fed. Appx. 174, 176 (9th Cir. 2006) ("The specific documentation requirements [of 20 C.F.R. § 404.1520a] . . . are not mere technicalities that can be ignored as long as the ALJ reaches the same result that it would have if it had followed those requirements."). It is Plaintiff's alleged mental impairments and the degree of functional limitations arising from those impairments which are incorporated in the hypothetical questions posed to the VE which, in turn, are used to determine Plaintiff's ability to perform his past relevant work

and/or other work in the national economy.   Here, although the ALJ qualified Plaintiff's

mental impairments as severe, the ALJ placed essentially no functional limitations upon

Plaintiff as a result of those impairments.   Further, the lack of specific findings regarding

Plaintiff's mental functional limitations makes it impossible for the Court to determine

whether the ALJ's RFC determination, and the hypothetical posed to the VE, are supported

by substantial evidence.[6]   *See Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1179–81

(11th Cir. 2011) (restricting the VE's inquiry to simple, routine, or repetitive tasks, or

unskilled work does not accounts for a plaintiff's moderate deficiencies in concentration,

persistence, or pace, unless the medical evidence affirmatively demonstrates that a

claimant retains the ability to engage in simple, routine or repetitive tasks despite

deficiencies in concentration, persistence, or pace); *Richter v. Comm'r of Soc. Sec.,* 379

Fed. Appx. 959, 960–62 (11th Cir. 2010) (limiting hypothetical to unskilled jobs and

referencing plaintiff's moderate limitation in the ability to remember, understand, and carry

out detailed instructions does not account for deficiencies in concentration, persistence, or

pace); *Stewart v. Astrue,* 561 F.3d 679, 684–85 (7th Cir. 2009) (limiting hypothetical to

simple, routine tasks does not account for plaintiff's moderate difficulties in maintaining

concentration, persistence, and pace); *Ramirez v. Barnhart,* 372 F.3d 546, 554 (3rd Cir.

---

[6] "[W]hen the ALJ relies on the testimony of a VE, 'the key inquiry shifts to the adequacy of the RFC description contained in the hypothetical posed to the VE' rather than the RFC simply cited in the ALJ's decision."   *Brunson*, 850 F.Supp.2d at 1304 (quoting *Corbitt v. Astrue*, No. 3:07-CV-518-J-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008)).

In the instant case, the ALJ found Plaintiff had the RFC to perform "sedentary/unskilled work" (Tr. 17).   At the hearing, the ALJ elaborated by asking the VE whether positions exist for a hypothetical claimant who could do "sedentary, unskilled work, probably no more than an SVP-3, and the job would have to be one where there are not a lot of changes, that once he's learned the job, the job would not change" (Tr. 45).

2004) (limiting hypothetical question to simple, one-to-two step tasks does not account for deficiencies in concentration, persistence, or pace).  The Court is not satisfied the ALJ made the function by function assessment that addresses Plaintiff's ability to perform work-related activities.

Accordingly, the ALJ's decision must be reversed and the case remanded so that the ALJ may properly evaluate Plaintiff's mental health impairments in accordance with the requirements set forth in 20 C.F.R. § 404.1520a.  Then, the ALJ must determine Plaintiff's RFC in accordance with that evaluation, make explicit findings regarding the actual physical and mental demands of his past relevant work and other work in the national economy, and compare demands of such work with Plaintiff's RFC.[7]

## V. Conclusion

For the foregoing reasons, the undersigned finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal standards.  Accordingly, the decision of the Commissioner is hereby **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g).  The case is **REMANDED** for additional proceedings consistent with this Order and Opinion.  On remand, the ALJ shall reopen the record and accept any additional evidence deemed appropriate.  The Clerk of Court is

---

[7] Of course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all aspects.  For example, the underlying assumptions of hypothetical questions must accurately and comprehensively reflect the claimant's characteristics, and must be supported by substantial evidence. *McSwain v. Bowen.* 814 F.2d 617, 620-21 (11th Cir. 1987) (*per curiam*); *see also Jones v. Apfel,* 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.[8]

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits.  Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act.  *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

**DONE AND ENTERED** at Jacksonville, Florida, this 27th day of February, 2013.

_Thomas E. Morris_
THOMAS E. MORRIS
United States Magistrate Judge

Copies to: All counsel of record

---

[8] If Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the date the Commissioner issues a "Notice of Award" letter to the Plaintiff/claimant to award disability benefits.  *See Bergen v. Comm'r Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added).  This Order and Opinion does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.